IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WALGREEN COMPANY,<br><br>　　　　　Plaintiff,<br>vs.<br><br>ACTAVIS HOLDCO U.S., INC., *et al.*,<br><br>　　　　　Defendants. | Civil Action No: 20-CV-6258-CMR |

**PLAINTIFF WALGREEN COMPANYS' MOTION
FOR LEAVE TO AMEND AND/OR SUPPLEMENT**

Plaintiff Walgreen Company ("Walgreens") respectfully moves for leave to file *nunc pro tunc* its Amended Complaint, ECF No. 134. The bases for this motion are set forth below.

On January 30, 2024, Walgreens filed an Amended Complaint that named Novartis AG and Sandoz AG as Defendants based on newly discovered information. *See* ECF No. 134. Because Defendants had not yet filed an Answer to its Complaint, Walgreens filed its Amended Complaint as a matter of course and without leave of Court pursuant to the express provisions of Fed. R. Civ. P. 15(a)(1).

Despite the provisions of Rule 15(a)(1), we recognize that this Court has proactively and carefully managed this MDL, including the filing of pleadings. Accordingly, in the interest of being careful and in keeping with the manner in which this Court has presided over this MDL, Walgreens files this motion for leave to amend or supplement under Rule 15(a) and 15(d) in the form of its Amended Complaint.

To the extent that the permissive pleading standard under Rule 15(a)(2) applies to Walgreens, then this standard is plainly satisfied because no party can claim undue prejudice from this amendment. After all, Walgreens filed its initial Complaint on December 11, 2020, *see* ECF No. 1, and has fully participated in discovery in this MDL, including by completing the production of all documents and data requested by Defendants. Moreover, Walgreens' filed its Complaint *prior to* the December 15, 2020 deadline established by PTO 153 for inclusion in Phase Two Discovery. *See* PTO 153, ¶¶ 1 & 3. Further, there is no credible suggestion that the amendment is made in bad faith or with a dilatory motive. As such, we submit that the amendment is proper under Rule 15(a)(2). *See Mullin v. Balicki*, 875 F.3d 140, 151 (3d Cir. 2017) (reversing trial court's denial of leave to amend and recognizing that only "delay that is protracted and unjustified" can justify denial of leave under Rule 15).

Alternatively, to the extent that this Court decides that the Rule 16 "good cause" standard governs here, then Walgreens satisfies this standard for the reasons set out in the EPPs' motion to amend. *See* ECF No. 2790, at 6-7, in Case No. 16-md-2724. Walgreens, like the EPPs, has diligently pursued the discovery that uncovered the nature of Novartis' alleged participation in the conspiracy and its alleged control and dominion over Sandoz. Because this newly discovered information forms the basis for Walgreens' amendment, the factual and legal arguments set forth in the EPPs' motion apply with full force to Walgreens as well, and we incorporate them in this Motion.

Based on the foregoing analysis, Walgreens respectfully requests that the Court grant this motion to amend or supplement and permit the filing of its Amended Complaint, ECF No. 134, *nunc pro tunc*.

3

| | |
|---|---|
| Dated:  January 31, 2024 | Respectfully submitted,<br><br>By: <u>s/ *William J. Blechman*</u>       <br>    Richard Alan Arnold, Esquire<br>    William J. Blechman, Esquire<br>    Samuel J. Randall, Esquire<br>    KENNY NACHWALTER, P.A.<br>    1441 Brickell Avenue<br>    Suite 1100<br>    Miami, Florida  33131<br>    Tel:   (305) 373-1000<br>    Fax:   (305) 372-1861<br>    E-mail:   rarnold@knpa.com<br>                  wblechman@knpa.com<br>                  srandall@knpa.com<br><br>    ***Counsel for Plaintiff*** |

667004